UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| James M. Cuyler, | ) C/A No. 3:10-1561-CMC-JRM |
|---|---|
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Department of the Army, | ) |
| Defendant. | ) |

Plaintiff, James M. Cuyler, "re-filed" this action on June 17, 2010. He filed a substantially similar complaint in *Cuyler v. Dept. of Army*, C/A No. 3:08-CMC-JRM (D.S.C.), in which the Department of the Army's motion to dismiss was granted. Plaintiff also filed a motion to disqualify the assigned judges in the current case.

**Review**

The plaintiff is a *pro se* litigant, and thus his pleading is accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980) (*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

Federal courts are courts of limited jurisdiction, and a "district court must jealously protect its jurisdiction, declining to entertain those cases over which it has no jurisdiction but insisting on hearing those matters properly before it." *Woodward v. Newcourt Commercial Finance Corp.*, 60 F. Supp. 2d 530, 531 (D.S.C. 1999). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)(citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). The issue of subject matter jurisdiction "may be raised at any time by either party or sua sponte by this court." *Plyler v. Moore*, 129 F.3d 728, 731 n. 6 (4th Cir.1997). "Furthermore, it is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

## Motion to Disqualify Judges

On June 25, 2010, Plaintiff filed a motion to disqualify the undersigned and the Honorable Cameron M. Currie, United States District Judge, pursuant to 28 U.S.C. §§ 144 and 455. Plaintiff argues that recusal is required because Plaintiff has a pending lawsuit against the assigned judges.[1] He also contends the assigned judges cannot be impartial because they ruled against Plaintiff in his prior lawsuit against this same defendant. *See Cuyler v. Dept. of Army*, C/A No. 3:08-CMC-JRM (D.S.C.).

---

[1]Plaintiff filed suit against the judges assigned in this case on October 23, 2009, which was dismissed on April 5, 2010, prior to the filing of the complaint herein. *Cuyler v. Currie*, C/A No. 3:09-2774-DCN-PJG (D.S.C.).

2

Plaintiff relies on 28 U.S.C. §§ 144 and 455 in seeking disqualification of the assigned judges in this case. While 28 U.S.C. § 144 "provides a procedure by which a party can timely file an affidavit stating the presiding judge's personal bias or prejudice," 28 U.S.C. § 455 is "self-executing." *In re Beard*, 811 F.2d 818, 827 n.15 (4th Cir. 1987). Under section 455, a judge must recuse himself where the judge's impartiality "might reasonably be questioned," or where the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a) and (b). The inquiry is an objective one, focusing on whether an outside observer with knowledge of all of the circumstances might have some reasonable basis for questioning the judge's impartiality. *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993)(citing *Rice v. MacKenzie*, 581 F.2d 1114, 1116 (4th Cir. 1978)). When no reasonable basis exists for questioning the judge's impartiality, it is improper for a judge to recuse. *United States v. Glick*, 946 F.2d 335, 336-37 (4th Cir. 1991).

Absent extraordinary circumstances, the source of the appearance of impropriety must be non-judicial. *Grinnell*, 384 U.S. at 583; *Morris*, 988 F.2d at 1337 (citing *In re Beard*, 811 F.2d at 827). In other words, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. at 583 (citing *Berger v. United States*, 255 U.S. 22, 31(1921)).

Plaintiff fails to set forth any evidence of personal bias or prejudice on the part of the undersigned or Judge Currie. He contends disqualification is required because of a pending lawsuit he filed in which the undersigned and Judge Currie are named as defendants. As noted, the case was

3

no longer pending at the time this complaint was filed, and the mere existence of the lawsuit does not show personal bias or prejudice requiring disqualification. Plaintiff also contends that adverse rulings in his prior case against the same Defendant as named in this case, requires recusal. Neither of Plaintiff's arguments present evidence of personal bias "from an extra-judicial source." *In re Beard*, 811 F.2d at 827. A judge need not recuse himself because of "unsupported, irrational, or highly tenuous speculation." *United States, v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998). Further, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

## Discussion

This court does not have jurisdiction in this case, for the same reasons as explained in Plaintiff's prior case, *Cuyler v. Dept. of Army*, C/A No. 3:08-CMC-JRM (D.S.C.) ("Cuyler One"). The complaint in this case is almost identical to the complaint that was dismissed in Cuyler One. Other than stating his reasons for re-filing and the addition of a claim under 42 U.S.C. § 1985, as well as doubling the amount of damages requested, the complaint in this case is exactly the same as the complaint in Cuyler One.

The complaint states the "jurisdiction of this court is invoked pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985 and under (concurrent jurisdiction) the color of state law and constitutional law." The complaint claims the Defendant, the Department of the Army, violated Plaintiff's "Fourteenth Amendment rights (42 U.S.C. § 1983)"; "Fifth Amendment rights (Art. 32)"; "conspired and Wrongfully Discharged Plaintiff (42 U.S.C. § 1985)"; and "denied plaintiff equal opportunity by delaying a decision in his case more than 5 years." Almost no factual allegations are included in the complaint.

The complaint does not establish grounds for subject matter jurisdiction in this case. The complaint first states jurisdiction based on Plaintiff's § 1983 claim. The Defendant, a federal agency, is not subject to suit pursuant to § 1983. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982)( federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law.) To allege action under color of state law and "implicate 42 U.S.C. § 1983, conduct must be 'fairly attributable to the State.'" *Debauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999).

The complaint also states jurisdiction based on Plaintiff's § 1985 claim. Plaintiff's claim under § 1985 states that Defendant "conspired and Wrongfully Discharged Plaintiff (42 U.S.C. § 1985)."

> To establish a cause of action for a conspiracy under § 1985, a plaintiff must prove (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995); *see also Egervary v. Young*, 366 F.3d 238, 246 (3rd Cir. 2004) (recognizing that "tort law causation" governs *Bivens* analysis)." The Defendant, a federal agency, cannot be "two or more persons" that are necessary to establish a conspiracy under § 1985. Even if the complaint could be amended to include individuals subject to a *Bivens* suit, the complaint fails to allege class-based discrimination necessary under § 1985. Similarly, although the complaint states Defendant "denied plaintiff equal opportunity by delaying a decision in his case more than 5 years," no class based discrimination or disparate treatment is alleged.

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is

analogous to a claim under 42 U.S.C. § 1983. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982)(Harlow was brought against a federal official, but the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983). As explained in Cuyler One, the Defendant is not subject to suit pursuant to *Bivens*. A *Bivens* action may not be brought against agencies or departments of the United States. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies). Even if Plaintiff amended the complaint to name an individual or individuals within the Department of Army, no remedy under *Bivens* is available for constitutional violations alleged by former enlisted military personnel that "arise out of or in the course of activity incident to service" in the military. *United States v. Stanley*, 483 U.S. 669, 684 (1987); *see Trerice v. Summons*, 755 F.2d 1081 (4th Cir. 1985)(suit barred by intramilitary immunity).

The complaint's jurisdictional statement also claims "concurrent jurisdiction." As Cuyler One states, "although he does not present a jurisdictional basis," Plaintiff "may be attempting to make a claim pursuant to the Tucker Act[.]" The United States Court of Federal Claims and a United States District Court both have original jurisdiction over non-tort monetary claims against the United States not exceeding $10,000. *See* 28 U.S.C. § 1346(a)(2). For claims in excess of $10,000, however, the Court of Federal Claims has exclusive jurisdiction. *See* 28 U.S.C. § 1491; *Randall v. United States*, 95 F.3d 339, 347 (4th Cir. 1996). The plaintiff has not met his burden of demonstrating that his claims do not exceed the $10,000 in damages required for concurrent district court jurisdiction. *See Schmidt v. U.S. Army Corps of Engineers*, 2008 WL 2783292, at *6 (W.D. Mich. July 15, 2008).

The complaint contains very few factual allegations, and thus fails to provide facts or evidence upon which subject matter jurisdiction could be inferred under liberal construction. For example, the complaint claims violation of Plaintiff's "Fifth Amendment rights (Art. 32)." Plaintiff's

cryptic reference to "Art. 32" does not establish jurisdiction in this case, and no further details are provided. While Cuyler One explains (based on factual information from the Defendants) that the reference is to Article 32 of the Uniform Code of Military Justice, the complaint contains no facts to explain how Article 32 is relevant to the case or how this District Court could have jurisdiction based on proceedings under Article 32 of the Uniform Code of Military Justice. No factual allegations are provided in the complaint which establish subject matter jurisdiction in this Court. *See Adams v. Bain*, 697 F.2d 1213 (4th Cir. 1982).

Finally, the United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Plaintiff fails to show the United States has consented to suit.

## Motion for Default

On September 3, 2010, Plaintiff filed a motion for default pursuant to Fed. R. Civ. P. 55. He claims that Defendant is in default because Defendant was served on June 18, 2010, but has not filed an answer. There is nothing in the record, however, to indicate that Defendant was served with the summons and a copy of the complaint pursuant to Fed. R. Civ. P. 4. Thus, it is recommended that Plaintiff's motion for default be denied.

### *Recommendation*

Accordingly, it is recommended that Plaintiff's motion to disqualify (Doc. 4) be **denied** and that the District Judge **dismiss** the complaint for lack of jurisdiction without issuance and service of process. *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988)("incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority."). It

is also recommended that Plaintiff's motion for default (Doc. 8) be **denied**. **The plaintiff's attention is directed to the notice on the following page.**

                                                Joseph R. McCrorey
                                                United States Magistrate Judge

September 22, 2010
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).