# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| James M. Cuyler, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:10-cv-1561-CMC-JRM |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| Department of the Army, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of a Report and Recommendation ("Report") entered on September 23, 2010. *See* Dkt. No. 10. The Report recommends that (1) the court deny Plaintiff's motion to disqualify the undersigned and the Magistrate Judge who entered the Report; (2) that the action be dismissed without service of process; and (3) that Plaintiff's motion for entry of default be denied. Plaintiff has objected to each of these recommendations. In addition, he has requested a hearing. For the reasons set forth below, the request for a hearing is denied and the Report is adopted in full subject to correction of one minor typographical error.[1]

## STANDARD

The Magistrate Judge makes only a recommendation to this court on dispositive motions. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

---

[1] The court notes one error in the Report, which is a typographical error in identifying Plaintiff's earlier action. The proper identification is *Cuyler v. Dept. of Army*, C. A. No. 3:08-<u>3261</u>-CMC-JRM. *See* Dkt. No. 10 at 1 (underlined portion of case number omitted in Report).

recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

**Request for Hearing.** The undersigned's normal practice is to resolve civil motions on written submissions. Nothing in this case suggests that a hearing would aid the court in resolving the issues before it. The request for a hearing is, therefore, denied.

**Motion to Disqualify.** Plaintiff objects to the Report's recommended denial of his motion to disqualify both the Magistrate Judge and the undersigned from presiding over this action. Dkt. No. 14 at 3-5. As explained in the Report, nothing in Plaintiff's motion suggests an appropriate basis for disqualification such as a conflict of interest or other personal bias on the part of either judge. The same is true of Plaintiff's objection which focuses on Plaintiff's belief that the court has unduly and improperly delayed service of the summons and resolution of Plaintiff's recusal motion. As to the former, Plaintiff misapprehends the court's role as gatekeeper, particularly in *pro se* actions. As to the latter, Plaintiff misapprehends the purpose of the local rule briefing deadlines which are directed to counsel. *See* Local Civil Rule 7.06. Nothing in these rules suggests or establishes a deadline within which the court must rule on a motion.

The other bases of Plaintiff's motion for disqualifcation are addressed fully and correctly in the Report. As there noted, Plaintiff's motion is based primarily on his dissatisfaction with the

court's handling of an earlier, nearly identical action which included multiple motions to recuse the various judges who took action in that matter. As explained in the Report, a judge is not disqualified from handling a case merely because the judge has made multiple adverse rulings including on motions which challenge the judge's impartiality. *See, e.g., United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966).[2]

For these reasons, the court adopts the recommendation and underlying rationale of the Report as to Plaintiff's motion for disqualification and denies the same.[3]

**Dismissal.** As in his prior litigation, Plaintiff misapprehends the basis for the recommended dismissal. While he correctly notes that this court has federal subject matter jurisdiction over claims asserted under federal statutes such as 42 U.S.C. § 1983, he fails to comprehend that Section 1983 and his other expressly-asserted claims have no application to his allegations against the United States Army. Thus, his expressly-asserted claims are dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Although Plaintiff has asserted only claims subject to dismissal under Rule 12(b)(6), the Report gives him the benefit of the doubt by considering whether the facts alleged give rise to some

---

[2] In a "Note" on the first page of his objection, Plaintiff asserts that he is "seeking criminal charges" against both the undersigned and the Magistrate Judge under 18 U.S.C. §242. Dkt. No. 14 at 1, 8. Later, he suggests possible treason on the part of the judges of this court due to their actions with regard to Plaintiff's claims. *Id.* at 9. Plaintiff also suggests that the Magistrate Judge committed a criminal offense and should be imprisoned for "ordering the Clerk of Court not to issue summonses for service of process" in this case. *Id.* at 5. Given that the only interactions between the court and Plaintiff consist of Plaintiff's filings and the court's orders (or report and recommendations), the court must, therefore, presume that Plaintiff's concerns derive from the court's rulings in this and an earlier, nearly identical action.

[3] To the extent the Report is deemed an order as regards the motion to recuse the Magistrate Judge, it is affirmed under the more deferential standard applicable to non-dispositive rulings.

3

other claim over which this court might have jurisdiction. For example, the Report considers whether the claim might survive if pursued under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), if individual defendants were substituted for the named entity. The Report concludes that even with these significant changes the claim would fail because it "arise[s] out of or in the course of activity incident to [military] service[.]" Dkt. No. 10 at 6 (citing, *e.g.*, *United States v. Stanley,* 483 U.S. 471, 486 (1994)). Ultimately, the Report concludes that Plaintiff's only potential claim is under the Tucker Act, as to which this court may assert jurisdiction only for claims not exceeding $10,000. *Id.* Plaintiff's asserted claim is for $10,500,000. Dkt. No. 1.

Although Plaintiff challenges the Report's conclusions, he has failed to direct the court to any error in the above rationale and the court finds none. The court, therefore adopts the rationale and recommendation of the Report, concluding that Plaintiff's expressly asserted claims are subject to dismissal under Fed. R. Civ. P. 12(b)(6) and that there are no other claims suggested by his factual allegations over which this court might assert subject matter jurisdiction. *See* Dkt. No. 10 at 4-7.

Plaintiff's complaint is, therefore, dismissed. As this is Plaintiff's second assertion of essentially the same claims in the same court, the court finds that dismissal should be **with prejudice** to assertion of any other action in this court based on the same or related factual allegations. It is, however, **without prejudice** to filing the same or related claims in a more appropriate forum if such be available. *See* Dkt. No. 10 at 6 (suggesting possible jurisdiction in the United States Court of Federal Claims for a claim under the Tucker Act).

**Default.** For reasons set forth in the Report, most critically, that Defendant has not been served, the court denies Plaintiff's motion for default.

4

## CONCLUSION

For the reasons set forth above, the court adopts the Report in full and denies Plaintiff's request for a hearing, motion to disqualify, and motion for entry of default. In addition, the court dismisses this action under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Dismissal is **with prejudice** to pursuit of the same or related claims in this court but **without prejudice** to pursuit of the same or related claims in a more appropriate forum.

IT IS SO ORDERED.

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 6, 2010